**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen Bruni,<br><br>  Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>  Respondents. | No. CV-19-08041-PCT-DLR (MHB)<br><br>**ORDER** |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Michelle H. Burns (Doc. 14) regarding Petitioner's Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 4). The R&R recommends that the Amended Petition be granted on the merits, that Petitioner's judgment and conviction be reversed, and that his case be remanded to state court for further proceedings. Respondents filed objections to the R&R on April 30, 2020 (Doc. 15), and Petitioner filed his response on May 11, 2020. (Doc. 16.) The Court heard oral argument on August 4, 2020, and thereafter ordered supplemental briefing. Respondents filed their supplemental brief on September 30, 2020. (Doc. 23.) Petitioner filed his supplemental brief on October 15, 2020. (Doc. 24.) For reasons that follow, the Court sustains in part Respondents' objections, dismisses the Amended Petition, and grants a certificate of appealability.

**I. Background**

Petitioner was convicted in Coconino County Superior Court of one count of sexual conduct involving a minor and sentenced to life without the possibility of parole for 35

years. (Doc 10-1 at 113, 119-123.) The Amended Petition alleges that admission of Petitioner's statements during an October 14, 2008 confrontation call with his brother, Jeff, violated his due process rights. (Doc. 4 at 6.) The confrontation call occurred approximately five weeks after Petitioner's brother (referred to in the record as "brother," "Jeff," or "Father" because of his relationship to the victim) physically assaulted Petitioner until he confessed to molesting his brother's eight-year-old child. The trial court found that this first confession was involuntary, but that a second confession later elicited from Petitioner during the confrontation call was voluntary and not tainted by the brother's earlier assault. The trial court explained:

> [T]hat Defendant's Brother was not acting as a state agent during the confrontation call, and therefore the Defendant's statements cannot be suppressed on the basis that his right to due process of the law was violated.
>
> . . .
>
> In the present case, almost five (5) weeks elapsed between the time of the first confession and that of the second. There was no evidence that during that interim time period there was any further contact between the defendant and his brother. There was no evidence of additional threats that were made by the brother. The second confrontation was a phone call to defendant, not an in-person confrontation. The Defendant could have decided not to return his brother's call, or to simply hang up when questioned by him. The fact that he didn't and spoke with his brother at length lends credence to the argument that all of the statements he made on October 14, 2008, were voluntarily made. Significantly too is that no mention was made by Jeff to the Defendant of the earlier fight; the only reference to it was by the Defendant. This shows that whatever force was used by Jeff to elicit the first confession had dissipated over the interim and was not a factor in the second confession. Finally, nothing said by the Defendant during the first confrontation was used to extract or lead to the second confession.
>
> . . .
>
> In this case, the initial statements made by the Defendant at the time of the beating were made as a direct result of the violence inflicted and can in no way be described as "voluntarily" made. The immediate threat of renewed violence upon the Defendant by Jeff unless he "confessed" created a situation where a false confession may have been made by the Defendant.
>
> The second "confession" which resulted from the confrontation call occurred almost five (5) weeks after the fight

> or beating. The Defendant was not physically confronted by Jeff. Jeff never threatened the Defendant in any way during the conversation. Thus the only way the Court could conclude that the Defendant's statements made on October 14, 2008 were made involuntarily would be to conclude that the coercion which existed on September 8, 2008 continued on through the date of the confrontation call. There is simply no evidence that this happened. It is only speculation. Jeff's tone and language in no way implied a repeat of what happened on September 8 if he did not confess. The evidence also was that the brothers had not had any contact since September 8. Also, the Defendant had not filed an assault report against Jeff with the police, or sought the protection of an order of protection. There is simply no evidence of a threat against the Defendant by Jeff on October 14.
>
> Even if the Court assumed, arguendo, that some veiled threat remained on October 14, Detective Thomas was not aware of the earlier fight between the brothers when he assisted with the call. Although he directed Jeff in the ruse for the call and the type of information to seek, Jeff was not a "police agent" as the term was understood in the *Fulminate* case. The Court cannot conclude that the confrontation call under these facts represents police action that was "overreaching," and that should be punished by exclusion of evidence.

(Doc. 10-1 at 109-110 (emphasis modified).)

The Arizona Court of Appeals affirmed Petitioner's conviction and sentence in a memorandum decision, which addressed Petitioner's challenge to the voluntariness of his October 14, 2008 statements in the confrontation call as follows:

> [A]t the time Father made the phone call he was acting as the State's agent, and certain constitutional safeguards, as noted above, do apply. Here, following the evidentiary hearing, the trial court determined the credibility of the witnesses on this issue, and concluded in part that (1) at the time the call was set up, Detective Thomas did not know of the prior physical altercation between Father and Appellant, (2) sufficient time had elapsed between that altercation and the phone call so as to dissipate any taint or coercion attendant to the physical confrontation, and (3) that during the phone call, Father's demeanor was non-intimidating, and was neutral in content and affect. Accordingly, the court ruled that defendant's statements were not coerced or otherwise obtained in violation of his constitutional rights, and were therefore admissible.
>
> . . .
>
> Based on this record, we find no abuse of the court's discretion and no error in admitting Appellant's statements from the phone call. Father was not acting as a state agent at the time of the earlier physical confrontation, and Detective Thomas did

> not know it had taken place; accordingly, the police were not tarred with whatever coercive conduct occurred at that time. *See State v. Huerstel*, 206 Ariz. 93, 108-09, ¶ 73, 75 P.3d 698, 713-14. Further, the trial court's conclusion that any coercive effect from the first incident had dissipated by the time of the phone call was amply supported by the testimony of Detective Thomas and Father, and the court was in the best position to determine their credibility versus that of Appellant on this point.
>
> In summary, we find no abuse of discretion in the court's finding that Appellant's statements during the confrontation call were neither coerced by police conduct nor tainted by the prior assault. Under the totality of the circumstances, the trial court did not err in concluding that Appellant's will was not overborne, and that his statements during the phone call were voluntary.

(Doc. 10-2 at 108-109 (emphasis modified).)

The R&R finds that relief is warranted under § 2254(d)(2) because the trial court failed to adequately engage in factfinding regarding the reasonableness of Petitioner's claim that his fear of his brother amounted to coercion which led him to confess. The R&R notes that when the state court found that the confrontation call was not tainted by the earlier coerced confession, its discussion "focused on the fact that Petitioner's brother did not raise his voice during the confrontation call or make any intimidating statements and that Petitioner had returned his brother's call[.]" (Doc. 14 at 9.) According to the R&R:

> The trial court did not engage in any fact-finding regarding evidence that was presented that Petitioner suffered significant injury as a result of the beating, that Petitioner was aware of his brother's extensive criminal history, and that Petitioner testified at the suppression hearing that he was very afraid of his brother after the beating. In fact, the trial court made no credibility findings with respect to Petitioner's testimony and the reasonableness of his fear. The trial court conducted no analysis properly discounting evidence presented by Petitioner. Given the evidence presented, this Court finds that the state court's determination that Petitioner's confrontation call statements were voluntary was unreasonable.

(*Id.* at 9-10.) Further, the R&R concludes that this was a close case at trial and the admission of the Petitioner's statements to his brother was not harmless error.

## II. Discussion

Respondents object that: (1) the R&R does not apply the correct standard of review;

(2) the R&R incorrectly focuses on the state trial court's decision, rather than the decision of the Arizona Court of Appeals; and (3) to the extent the R&R is based on § 2254(d)(1), relief is inappropriate under that subsection. (Doc. 15.)

Respondents' latter two objections are overruled. The R&R is not based on § 2254(d)(1).[1] And although a court conducting habeas review ordinarily will look to the last reasoned decision of the state court, when the last reasoned decision by the state court adopts or substantially incorporates the reasoning from a previous state court decision, a habeas court may consider both decisions to ascertain the reasoning of the last decision. *See Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir. 2007). Here, the Arizona Court of Appeals relied on the trial court's facts, engaging in no independent factfinding. *See State v. Bruni*, 1 CA-CR 12-0709, 2013 WL 5493640 (Ariz. Ct. App. Oct. 1, 2013). Accordingly, the R&R appropriately focuses attention on the trial court's factfinding.

Respondents' first objection is sustained in part. The R&R correctly articulates the applicable standard of review. Federal habeas relief is available pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") when a state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(2). A state court's factual determinations will not be overturned "unless objectively unreasonable in light of the evidence presented in state-court proceedings." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). Even if "[r]easonable minds reviewing the record might disagree" about the credibility findings, "on habeas review that does not suffice to supersede the trial court's credibility determination." *Rice v. Collins*, 546 U.S. 333, 341-42 (2006). For a factual determination to be objectively unreasonable, the court must be "convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record." *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004), *overruled on other grounds by Murray v. Schriro*, 745 F.3d 984, 999-1000 (9th Cir. 2014). Respondents argue, however, that the

---

[1] Indeed, Petitioner does not even argue for relief under § 2254(d)(1) in his response to Respondents' objections. (Doc. 16.)

R&R fails to *apply* the requisite deferential and objective review and instead reflects a *de novo* determination that the state court should have given more weight to the evidence presented by Petitioner. (Doc. 15 at 5-6.) Respondents also argue that police activity was not a factor in obtaining the second confession (and therefore no due process violation occurred) because the detective who orchestrated the confrontation call was unaware of the brother's prior assault of Petitioner.[2]

The Court overrules Respondents' objection that police activity was not a factor in obtaining the second confession. As the Arizona Court of Appeals stated, "at the time Father made the [confrontation] call he was acting as the State's agent, and certain constitutional safeguards . . . apply." (Doc. 10-2 at 108.) An agent of the police soliciting information from a suspect under the direction of the police constitutes police activity. *See State v. Fulminante,* 778 P.2d 602, 609 (Ariz. 1988), *aff'd* 499 U.S. 279 (1991).

Respondents' objection that the R&R incorrectly applies *de novo* review misses the mark. The R&R does not find that the trial court failed to give appropriate weight to the evidence presented by Petitioner. The R&R instead concludes that the trial court's findings were unreasonable because the trial court did not address Petitioner's evidence at all. Specifically, Petitioner testified that he still felt intimidated and coerced during the October 14, 2008 phone call due to the assault that occurred on September 8, 2008. Petitioner explained that he was afraid of and felt threatened by his brother from the time of the September 8, 2008 assault through the time of the confrontation call, he avoided his brother and was afraid when he thought he saw him at his grandmother's house, and he would say and do anything to prevent his brother from hurting him again. (Doc. 10-1 at 79-80, 84.) The trial court's ruling, however, said that no such evidence existed, "only speculation." (*Id.* at 109.) The trial court's order also indicated that it was summarily rejecting Petitioner's testimony because the court found, incorrectly, that the brother was not a police agent during the confrontation call. (*Id.* at 110.) A state court's factual findings can be

---

[2] Coercive police activity is necessary for a confession to be involuntary under the Due Process Clause. *See Colorado v. Connelly*, 479 U.S. 157, 166-67 (1986).

- 6 -

unreasonable, notwithstanding the existence of evidence in the record to support those findings, if the state court failed to consider and weigh relevant and highly probative contrary evidence presented by a petitioner. *See Taylor*, 366 F.3d at 1000-09.

Nonetheless, the Court sustains Respondents' objection to the R&R's application of this standard to the facts of this case. Specifically, the Court disagrees with the R&R's conclusion that the trial court did not adequately engage is required factfinding. The trial court was charged with determining whether Petitioner was coerced into confessing during the confrontation call. The trial court explained that the coercion that existed on September 8, 2008 had dissipated by the time of the confrontation call because (1) almost five weeks had elapsed, (2) there was no evidence of further contact between Petitioner and his brother during this interim period, (3) there was no evidence that the brother made additional threats during this time, (4) the second confrontation occurred remotely over the phone, (5) Petitioner could have chosen not to return the call or to hang up, (6) Petitioner instead spoke with his brother at length, (7) the brother did not mention the earlier assault during the call, and (8) nothing Petitioner said during the first, in-person confrontation was used to extract the second. (Doc. 10-1 at 109-110.) Although the trial court did not explicitly state that it was discrediting Petitioner's contrary testimony, these findings adequately explain why the trial court did not adopt as fact Petitioner's testimony that he still felt threatened and intimidated during the confrontation call.

Because the trial court engaged in adequate factfinding and its findings were not based on an unreasonable determination of the facts in light of the evidence presented, nor contrary to clearly established federal law,

**IT IS ORDERED** as follows:

1. Respondents' objections (Doc. 15) are **SUSTAINED IN PART** as explained herein.
2. The R&R (Doc.14) is **NOT ACCEPTED**.
3. Petitioner's Amended Petition (Doc. 4) is **DISMISSED** with prejudice.

4. A certificate of appealability and leave to proceed in forma pauperis on appeal are **GRANTED** because Petitioner has made a substantial showing of the denial of a constitutional right, and reasonable jurists could find the ruling debatable. Specifically, reasonable jurists could disagree as to whether the state court adequately accounted for Petitioner's testimony when it made its voluntariness determination.

5. The Clerk shall enter judgment accordingly and terminate this case.

Dated this 19th day of November, 2020.

Douglas L. Rayes
United States District Judge